UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA



Manuel Gonzalez,

    Plaintiff,

        v.

Connie Lightcap, et al.,

    Defendants.

LA 18-cv-01236 VAP (SHKx)

**Order DENYING Plaintiff's Motion to Remand
(Doc. No. 9)**

On July 6, 2018, Plaintiff Manuel Gonzalez filed his Motion to Remand ("Motion"). (Doc. No. 9). On July 16, 2018, Defendants Connie Lightcap and Jerry Lightcap ("Defendants") filed their opposition to the Motion. (Doc. No. 11). On July 22, 2018, Plaintiff filed his reply in support of the Motion. (Doc. No. 12).

After consideration of the papers filed in support of, and in opposition to the Motion, the Court DENIES the Motion.

## I. BACKGROUND

In March 2018, before the suit was filed, the parties discussed the underlying dispute and the possibility of mediation. (See Doc. No. 11-2 at 2).

1

On April 27, 2018, Plaintiff filed a Summons and Complaint in Superior Court of California, County of San Bernardino. (Doc. No. 9-2 at 2, ¶3; Doc. No. 1-1 at 2; Doc. No. 1-2 at 2).

On April 30, 2018, Plaintiff's counsel, Conrad Herring, sent Defendants' counsel, Richard Marca, a courtesy copy of the "complaint and related documents" via email. (Doc. No. 9-2 at 2, ¶4; id. at 4; Doc. No. 11-1 at 2, ¶2; Doc. No. 11-2 at 2 ("I emailed you a courtesy copy on April 30, 2018 and asked if your client would sign a notice and acknowledgment of receipt.")). In this email, Herring stated "if you or your client will sign a Notice and Acknowledgement of Receipt, I will mail you all the documents and a self-addressed stamped envelope. Please let me know this week." (Doc. No. 9-2 at 4-5). Marca maintains that he did not review Herring's email until "much later" and that he did not have authority to accept service of the Summons and Complaint as Defendants' agents for service of process until after May 9, 2018. (Doc. No. 11-1 at 2, ¶2).

Herring personally served Defendant Connie Lightcap on May 9, 2018. (Doc. No. 9-2 at 2, ¶5; Doc. No. 11-1 at 2, ¶3). On May 9, 2018, after Defendant Connie Lightcap was served, Marca responded to Herring's April 30, 2018 email and asked Herring to send him a Notice and Acknowledgment of Receipt for Marca to execute on behalf of his clients. (Doc. No. 9-2 at 2, ¶6). "[O]n May 10th or 11th" Herring mailed the notice and acknowledgement forms to Marca. (Doc. No. 11-2 at 2; Doc. No. 11-1 at 3, ¶6; Doc. No. 1-5 at 2).

On May 18, 2018, Defendants served Plaintiff with form interrogatories, ninety-eight requests for production of documents, and two hundred and forty-seven special interrogatories. (Doc. No. 9-2 at 2-3, ¶8). Marca asserts that he did not have authorization from Defendants to remove the action to federal court, and that the discovery was propounded to determine the factual basis for the allegations in Plaintiff's complaint and to "properly prepare for trial." (Doc. No. 11-1 at 3, ¶¶7-8).

On May 24, 2018, Herring sent Marca a meet and confer letter regarding Defendants' discovery requests, asking for additional time to respond to the discovery until after Defendants filed an answer to Plaintiff's Complaint. (Doc. No. 9-2 at 3, ¶9). Marca never responded to this letter. (Doc. No. 9-2 at 3, ¶10).

After further prompting from Herring, Marca returned a signed notice and Acknowledgment of Receipt on behalf of Defendant Jerry Lightcap on May 31, 2018. (Doc. No. 9-2 at 2, ¶7; Doc. No. 1-5).

On June 8, 2018, Defendants filed a Notice of Removal to this court. (Doc. No. 9-2 at 3, ¶11).

## II.  LEGAL STANDARD

Removal jurisdiction is governed by statute. See 28 U.S.C. §§ 1441 et seq.; Libhart v. Santa Monica Dairy Co., 592 F.2d 1062, 1064 (9th Cir. 1979) ("The removal jurisdiction of the federal courts is derived entirely from the

statutory authorization of Congress.") (citations omitted).  Defendants may remove a case that was filed in state court to a federal court in the same district and division if the federal court would have had original jurisdiction over the action.  See 28 U.S.C. §§ 1441(a)-(b), 1446, 1453; Caterpillar Inc. v. Williams, 482 U.S. 386, 392 (1987).

The time limit for removal is set forth in 28 U.S.C. § 1446(b), which provides two thirty-day windows during which a case may be removed to a federal district court within: (1) thirty days "after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief which such action or proceeding is based thirty days after a defendant receives the initial pleading"; or (2) thirty days after the defendant receives an "amended pleading, motion, order, or other paper from which it may first be ascertained that the case is . . . or has become removable."  28 U.S.C. § 1446 (b)(3); Harris v. Bankers Life and Cas. Co., 425 F.3d 689, 694 (9th Cir. 2005).  "If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal."  18 U.S.C. §1446(b)(2)(C).

The U.S. Supreme Court has determined that formal service is necessary to trigger the 30-day time-limit. Murphy Brothers, Inc. v. Michetti Pipe Stringing, Inc., 526 U.S. 344, 347-48 (1999); see also, Coleman v. Labor & Indus. Review Comm'n of Wisconsin, 860 F.3d 461, 472 (7th Cir. 2017), cert. denied, 138 S. Ct. 739, 199 L. Ed. 2d 606 (2018) ("[S]omething as important as the choice between a state court and a federal court . . .

4

cannot be resolved against a party without bringing the party into the case through formal service of process."); Zahn v. T.B. Penick & Sons, Inc., No. 11CV1322 AJB, 2011 WL 5118751, at *2 (S.D. Cal. Oct. 27, 2011) ("[I]t is not enough for Plaintiff to show that Defendant actually received a copy of the complaint by a particular date. Plaintiff must demonstrate compliance with the requirements of service."). For an action where the grounds for removal is found on the face of the complaint, the U.S. Supreme Court has set forth four possibilities for when the thirty-day clock starts to run:

> First, if the summons and complaint are served together, the 30–day period for removal runs at once. Second, if the defendant is served with the summons but the complaint is furnished to the defendant sometime after, the period for removal runs from the defendant's receipt of the complaint. Third, if the defendant is served with the summons and the complaint is filed in court, but under local rules, service of the complaint is not required, the removal period runs from the date the complaint is made available through filing. Finally, if the complaint is filed in court prior to any service, the removal period runs from the service of the summons.

Murphy Brothers, Inc., 526 U.S. at 354.

"A party . . . may waive the right to remove to federal court where, after it is apparent that the case is removable, the defendant takes actions in state court that manifest his or her intent to have the matter adjudicated there,

5

and to abandon his or her right to a federal forum." Resolution Tr. Corp. v. Bayside Developers, 43 F.3d 1230, 1240 (9th Cir. 1994), as amended (Jan. 20, 1995).

The removal statute is construed strictly against removal. Ethridge v. Harbor House Rest., 861 F.2d 1389, 1393 (9th Cir. 1988). The strong presumption against removal ensures that "the defendant always has the burden of establishing that removal is proper." Gaus v. Miles, Inc., 980 F.2d 564, 566 (9th Cir. 1992) (citing Nishimoto v. Federman-Bachrach & Assocs., 903 F.2d 709, 712 n.3 (9th Cir. 1990)). Federal jurisdiction "must be rejected if there is any doubt as to the right of removal in the first instance." Id. The Plaintiff has the burden of establishing that service of the Summons and Complaint was effective, however. See, Zahn v. T.B. Penick & Sons, Inc., No. 11CV1322 AJB, 2011 WL 5118751, at *2 (S.D. Cal. Oct. 27, 2011); Roylance v. ADT Sec. Servs., Inc., No. C 08-1101 JF (RS), 2008 WL 2444795, at *2 (N.D. Cal. June 16, 2008).

## III. ANALYSIS

### A. Defendant's Removal Was Timely

Plaintiff argues that remand is warranted because Defendants' removal was untimely. Specifically, Plaintiff argues that the thirty-day clock started ticking on April 30, 2018 when Herring sent a copy of the filed complaint and summons to Marca via email, rather than May 9, 2018 when Plaintiff

6

personally served Defendant Connie Lightcap. (Id. at 6-8).[1]  The Court disagrees.

The sufficiency of service of process prior to removal is "strictly a state law issue," and is therefore analyzed under California law in this case.  <u>Lee v. City of Beaumont</u>, 12 F.3d 933, 936–37 (9th Cir.1993), <u>overruled on different grounds</u>, <u>California Dept. of Water Resources v. Powerex Corp.</u>, 533 F.3d 1087, 1091 (9th Cir. 2008).  Under California law, when a defendant challenges the effectiveness of service, the plaintiff has the burden to show that service was proper.  <u>Dill v. Berquist Constr. Co.</u>, 24 Cal. App. 4th 1426, 1439–40 (1994), <u>as modified on denial of reh'g</u> (May 26, 1994) ("[C]ompliance with the statutes governing service of process is essential to establish that court's personal jurisdiction over a defendant. [Citation].  When a defendant challenges that jurisdiction by bringing a motion to quash, the burden is on the plaintiff to prove . . . the facts requisite to an effective service."); <u>see also</u>, <u>Roylance</u>, 2008 WL 2444795, at *2 (denying motion to remand where plaintiff had "failed to meet his burden of demonstrating . . . effective service" on a corporate defendant); <u>Zahn</u>, 2011 WL 5118751, at *2 ("[P]laintiff has the burden of establishing the facts requisite to effective service.").

Here, Plaintiff argues that by emailing a copy of the Summons and Complaint to Defendants' counsel, service was effective pursuant to Cal. Code. Civ. P. § 416.90.  (Doc. No. 9-1 at 7).  This code section permits

---

[1] Plaintiff concedes that removal was timely if the Court finds that "service of process occurred no earlier than May 9, 2018." (Doc. No. 9-1 at 5).

service on a person "authorized by [the party] to receive service of process." Cal. Code Civ. P. § 416.90. The judicial comment to § 416.90 states that "[s]ervice is made by delivering, in a manner specified in [Cal. Code Civ. P. § 413.10] . . . ." Cal. Code Civ. P. § 416.90 (Judicial Council Comment). The California Civil Code does not explicitly provide for email service. See Cisco Sys., Inc. v. Shaitor, No. 18-CV-00480-LB, 2018 WL 3109398, at *3 (N.D. Cal. June 25, 2018). Plaintiff has provided no authority showing that email is a manner of service permissible under § 413.10.

Even if the Court were to assume that email service is a permissible method of service, Plaintiff has failed to establish a date of service earlier than May 9, 2018. Plaintiff argues that "Mr. Marca acknowledged receipt of the Summons and Complaint served by email and attachments on April 30, 2018." (Doc. No. 9-1 at 8). The only evidence that Plaintiff cites to support this argument is the fact that Herring sent the email to Marca on April 30, 2018, however. (See Doc. No. 9-2 at 2, ¶¶5-6). Marca did not respond to Herring's April 30, 2018 email until May 9, 2018, and he did not sign the notice of acknowledgment and receipt until May 31, 2018.

In attempting to serve Defendants' counsel via email, Herring requested that Marca return a notice of acknowledgement and receipt that Herring later provided him via physical mail. (Doc. No. 9-2 at 4-5 ("If you or your client will sign a Notice and Acknowledgement of Receipt, I will mail you all the documents and a self-addressed stamped envelope. Please let me know this week."). This notice and acknowledgement of receipt was the same form used for service by mail pursuant to Cal. Code Civ. P. § 415.30,

and indicated that "service of a summons is deemed complete on the day you sign the acknowledgement of receipt below." (See Doc. No. 1-5 at 2). Marca returned a notice and acknowledgment and receipt to Herring executed on May 31, 2018. (Id.).[2]

By now asking the Court to find that service of process occurred on April 30, 2018, Plaintiff is not only requesting that the Court establish email as an acceptable form of service under California law, he is asking the Court to determine that the time of such service was the date the email was sent rather than either (1) the date the notice of acknowledgement and receipt was signed (May 31, 2018) or (2) the date Marca responded to Herring's email (May 9, 2018).

To determine that the date of service was the date that the email was sent would conflict with the central holding of Murphy Brothers, Inc., 526 U.S. 344 (1999), which held that formal process was necessary to establish the thirty-day removal deadline. There, the plaintiff filed a complaint in Alabama state court and faxed a courtesy copy of the file-stamped complaint to a vice president of the defendant company two weeks before officially serving the defendant by certified mail. Id. at 348. The notice of removal was filed thirty days after service, but forty-four days after receipt of

---

[2] To accomplish service by first-class mail or airmail in California, a copy of the summons and complaint must be mailed along with two copies of a notice and acknowledgement form. Cal. Code Civ. P. § 415.30. Under this code section, summons is "deemed served on the date of execution of an acknowledgment of receipt of summons." Id.; Wagner v. City of S. Pasadena, 78 Cal. App. 4th 943, 948 (2000).

9

the faxed copy of the complaint.  Id.  The Court analyzed the legislative history, and determined that "nothing in the legislative history . . . so much as hints that Congress . . . intended to dispense with the historic function of service of process as the official trigger for responsive action by an individual or entity named defendant."  Id. at 352-53.  The Court held that the "mere receipt of the complaint unattended by any formal service" was insufficient to trigger the thirty-day limit.  Id. at 347-48.  The Court also noted its particular concern with the instantaneous nature of service via facsimile, noting the possibility that plaintiffs could use this technology in lieu of formal service to "trap" foreign defendants into keeping their lawsuits in state courts.  Id. at 356.

For these reasons, the Court finds that service was effective on Defendant Connie Lightcap on May 9, 2018 – the date she was personally served.  Defendant Connie Lightcap filed her notice of removal on June 8, 2018, 30 days after service was effective.  Accordingly, removal was timely.

**B.  Defendants Did Not Waive the Right to Removal**

Generally, a party does not waive the right to remove an action through actions in the state court "short of proceeding to an adjudication on the merits."  Resolution Trust Corp., 43 F.3d at 1240.  "Waiver must show a 'clear and unequivocal' desire to litigate in state court."  Godoy v. Winco Holding, Inc., No. 5:15-CV-01397 ODW (SPx), 2015 WL 6394474, at *3 (C.D. Cal. Oct. 22, 2015) (holding that the filing of a reply brief to comply

with a deadline set by the state court before the case became removable did not constitute a waiver).

Plaintiff argues that Defendants demonstrated a clear and unequivocal desire to litigate in state court by serving Plaintiff with numerous discovery requests. The weight of authority is decidedly to the contrary, however. Strong v. Green Tree Servicing, L.L.C., 716 F. App'x 259, 263 (5th Cir. 2017) (finding no waiver of the right to removal by "engaging in extensive discovery in state court"); Chhabra v. Devry Univ., Inc., No. CV 15-03857 DDP (FFMx), 2016 WL 406961, at *2 (C.D. Cal. Feb. 2, 2016) (holding that taking "jurisdictional-type discovery in state court does not manifest any such intent" to waive the right to remove the action); Quinonez v. Jobworks, Inc., No. 15-CV-1202-H-RBB, 2015 WL 4873089, at *3 (S.D. Cal. Aug. 13, 2015) ("Defendant Jobworks did not waive its right to remove the case to this Court by filing an answer and participating in discovery because those actions do not demonstrate a 'clear and unequivocal' desire to adjudicate the merits of the case in state court."); Kosen v. Ruffing, No. 08CV0793-LAB (WMC), 2009 WL 56040, at *6 (S.D. Cal. Jan. 7, 2009) ("[E]ven if Beavers did serve discovery on Ruffing's behalf, the Court does not believe this is sufficient to constitute a waiver."); Bolden v. Healthspring of Ala., Inc., No. CIV.A. CV07-0413CGB, 2007 WL 4403588, at *1 (S.D. Ala. Oct. 2, 2007) (holding that filing "21 deposition notices, each of which contained eighteen requests for production of documents covering every conceivably relevant recording or writing . . . did not manifest an intent to litigate the merits of the action in the state court"); Nixon v. Wheatley, 368 F. Supp. 2d 635, 641 (E.D. Tex. 2005) (holding that serving discovery prior to removal in state court did

not demonstrate a "specific and positive intent to proceed in that forum"); Foley v. Allied Interstate, Inc., 312 F. Supp. 2d 1279, 1284 (C.D. Cal. 2004) (holding that "filing form interrogatories and requesting an extension of time to respond to discovery" did not "constitute litigation on the merits" because these action "did not result in adjudication on the merits and were not addressed directly to the court").

This Court also declines to find that serving discovery in state court action constitutes a waiver of the right to removal. Hence, the Court finds that Defendants did not waive their right to remove this action from state court.

### IV. CONCLUSION

For the reasons discussed above, the Court **DENIES** Plaintiff's Motion.

**IT IS SO ORDERED.**

Dated: 8/7/18

                                                  Virginia A. Phillips
                                   Chief United States District Judge